**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION**

| | | |
|---|---|---|
| PATRICIA NOWAKOWSKI, | ) | Case No. 1:12-cv-01075 |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | **Jury Trial Demanded** |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant | ) | |

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

### PARTIES

4. Plaintiff, Patricia Nowakowski ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Niagara, and City of Niagara Falls.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, GC Services, LP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from

Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with collection of an alleged debt in default ("the Debt"), GE Money Bank ("GE") began contacting Plaintiff regarding a Sam's Club personal credit card ending in 6700 prior to March 2012.

14. On March 15, 2012, Plaintiff, via her counsel, sent written notice to GE via certified mail informing GE that Plaintiff was represented by counsel with regard to the Debt. *See* Correspondence, attached hereto as Exhibit "A."

15. Upon information and good-faith belief, GE received Plaintiff's notice of representation letter regarding the Debt on or around March 20, 2012.

16. Plaintiff's March 15, 2012 notice unequivocally revoked any express permission to call Plaintiff's cellular phone in connection with the Debt

17. Upon information and good faith belief, prior to June 1, 2012, GE transferred the Debt to Defendant for collection purposes.

18. In connection with collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on June 1, 2012 at 8:28 A.M., and at such time, left the following pre-recorded voicemail message:

> "This message is for Patricia Nowakowski. Please call us regarding Sam's Club at 888-412-2806."

19. In its June 1, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

20. In its June 1, 2012 voicemail message, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

21.     By failing to disclose in its June 1, 2012 voicemail that the communication was from a debt collector, and further, by failing to disclose its true corporate or business name in that communication, Defendant failed to meaningfully disclose its identity to Plaintiff.

22.     In connection with collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on June 4, 2012 at 9:46 A.M., and at such time, left the following pre-recorded voicemail message:

> "This message is for Patricia Nowakowski. Please call us regarding Sam's Club at 888-412-2806."

23.     In its June 4, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

24.     In its June 4, 2012 voicemail message, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

25.     By failing to disclose in its June 4, 2012 voicemail that the communication was from a debt collector, and further, by failing to disclose its true corporate or business name in that communication, Defendant failed to meaningfully disclose its identity to Plaintiff.

26.     Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

27.     In addition to the above-referenced calls, and in connection with collection of the Debt, Defendant placed multiple calls to Plaintiff's cellular phone, including, but not limited to, calls placed on the following dates and times:

- June 5, 2012 at 8:21 A.M.;

- June 7, 2012 at 8:20 A.M.;
- June 8, 2012 at 8:14 A.M.;
- June 9, 2012 at 8:12 A.M.;
- June 11, 2012 at 8:41 A.M.;
- June 11, 2012 at 10:19 A.M.;
- June 11, 2012 1:51 P.M.;
- June 11, 2012 at 3:29 P.M.;
- June 12, 2012 at 8:20 A.M.; and
- June 12, 2012 at 9:45 A.M.

28. In several instances, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

29. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

30. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

31. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of the Debt.

32. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

33. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

34. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

35. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

36. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

37. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in several of the telephone calls identified above.

38. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice in several of the telephone calls identified above.

39. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

40. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d(6)

41. Plaintiff repeats and re-alleges each and every allegation contained above.

42. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(11)

43. Plaintiff repeats and re-alleges each and every allegation contained above.

44. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)

45. Plaintiff repeats and re-alleges each and every allegation contained above.

46. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

    b) Awarding Plaintiff statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

    c) Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

47. Plaintiff repeats and re-alleges each and every allegation contained above.

48. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

49. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby demands a trial by jury.

This 6th day of November, 2012.

ATTORNEYS FOR PLAINTIFF
*Patricia Nowakowski*

Respectfully submitted,

s/ Jeanne Lahiff
Jeanne Lahiff
NY Bar No. 2252435
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
410 High Street
Suite 2
Cranford, NJ 07016
(862) 812-0623
(866) 842-3303 (fax)
jlahiff@attorneysforconsumers.com

*Please send correspondence to the address below*

Jeanne Lahiff
NY Bar No. 2252435
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012