UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA NOWAKOWSKI,                                    12-cv-01075 (JTC)

                            Plaintiff,

            - against -                                  **ANSWER**

GC SERVICES, LP,

                            Defendant.

Defendant GC SERVICES LIMITED PARTNERSHIP ("Defendant" or "GC"), by and through its attorneys, HINSHAW & CULBERTSON LLP, for its answer to Plaintiff's Class Action Complaint (the "Complaint"), states as follows:

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "NATURE OF ACTION"

1.      Denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "JURISDICTION AND VENUE"

2.      The allegations contained in paragraph 2 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

3.      The allegations contained in paragraph 3 of the Complaint purport to state conclusions of law which do not require a response.  To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "PARTIES"

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Answering paragraph 6 of the Complaint, admits only that Defendant is a limited partnership, its business includes the collection of unpaid, outstanding account balances, and that from time to time it uses the mail and telephone to conduct its business.  Answering further, denies the remaining allegations contained in paragraph 6 of the Complaint.

7.      Answering paragraph 7 of the Complaint, admits only that its business includes the collection of unpaid, outstanding account balances, but denies knowledge as to the purpose for which those balances were incurred.  Answering further, denies the remaining allegations contained in paragraph 7 of the Complaint.

### IN RESPONSE TO THE ALLEGATIONS
### UNDER THE HEADING "FACTUAL ALLEGATIONS"

8.      Answering paragraph 8 of the Complaint, admits only that it was collecting on an unpaid, outstanding account balance that was incurred by Plaintiff and due to a third-party. Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9.      Answering paragraph 9 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

10.     Answering paragraph 10 of the Complaint, admits only that its business includes the collection of unpaid, outstanding account balances, and that from time to time it uses the mail and telephone.  Answering further, admits only that from time to time its collection business includes the collection of account balances owed to a third-party.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint.

130497395  0941369

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admits Defendant attempted to contact Plaintiff.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admits Defendant attempted to contact Plaintiff.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admits that Defendant received Plaintiff's account for collection.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits Defendant attempted to contact Plaintiff.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admits Defendant attempted to contact Plaintiff.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admits Defendant attempted to contact Plaintiff.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admits Defendant attempted to contact Plaintiff.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admits Defendant attempted to contact Plaintiff.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admits Defendant attempted to contact Plaintiff.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, except admits defendant attempted to contact Plaintiff.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Admits the allegations contained in paragraph 30 of the Complaint.

130497395  0941369

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

130497395  0941369

5

**IN RESPONSE TO THE ALLEGATIONS**
**UNDER THE HEADING "COUNT I VIOLATION OF 15 U.S.C. § 1692D(6)"**

41.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 40 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint and in Plaintiff's prayer for relief and judgment.

**IN RESPONSE TO THE ALLEGATIONS**
**UNDER THE HEADING "COUNT II VIOLATION OF 15 U.S.C. § 1692E(11)"**

43.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 42 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint and in Plaintiff's prayer for relief and judgment.

**IN RESPONSE TO THE ALLEGATIONS**
**UNDER THE HEADING "COUNT III VIOLATION OF 15 U.S.C. § 1692G(A)"**

45.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 44 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 45 of the Complaint.

46.     Denies the allegations contained in paragraph 46 of the Complaint and in Plaintiff's prayer for relief and judgment.

130497395  0941369

**IN RESPONSE TO THE ALLEGATIONS
UNDER THE HEADING "COUNT IV VIOLATION OF 47 U.S.C. § 227(B)(1)(A)(III)"**

47.     Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 46 of the Complaint, as if fully set forth herein, as and for its reply to paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint and in Plaintiff's prayer for relief and judgment.

**TRIAL BY JURY**

50.     Lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.     Plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.     This Court lacks original jurisdiction over the Telephone Consumer Protection Act ("TCPA") claims.  47 U.S.C. §227(b)(3).

**THIRD AFFIRMATIVE DEFENSE**

3.     Any violation of the Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.  Those procedures include, but are not limited to, training, policies and procedures provided to GC Services' employees, which prohibit, among other things, the use of false threats, harassment, deceptive means, false representations, false implications, and the use of unfair and/or unconscionable means in

130497395  0941369

7

collecting on an unpaid, outstanding account balance.   Further, among the training that the employees undergo is that GC Services collection employees are required to take examinations in order to confirm their knowledge of what is permissible in collecting on an unpaid, outstanding account balances.

## FOURTH AFFIRMATIVE DEFENSE

4.      Defendant established and implemented, with due care, any reasonable practices and procedures to effectively prevent violations of the TCPA.

## FIFTH AFFIRMATIVE DEFENSE

5.   Plaintiff's revocation of consent, if any, is invalid, improper and/or ineffective.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, by legal or equitable doctrines, including, but not limited to, estoppel, waiver and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8.      To the extent that any violation of the FDCPA or the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of Defendant.

## NINTH AFFIRMATIVE DEFENSE

9.      The alleged telephone calls are exempt from the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227 (b)(2)(b) and 47 C.F.R. § 64.1200(a).

130497395  0941369

## TENTH AFFIRMATIVE DEFENSE

10.     Some or all of Plaintiff's claims against GC Services may be barred by the doctrines of acquiescence, consent and/or contract, including, but not limited to the Cardmember Agreement between Plaintiff and GE Money Bank.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

**WHEREFORE,** Defendant GC SERVICES LP respectfully requests that the Court dismiss the Complaint in its entirety, and grant such other and further relief as the Court deems just, proper and equitable.

## JURY DEMAND

GC Services, LP demands a jury trial pursuant to Rule 38.

Dated: New York, New York
       January 7, 2013

                              HINSHAW & CULBERTSON LLP
                              *Attorneys for Defendant*
                              *GC Services LP*


                              By: /s/ *Concepcion A. Montoya*_____
                                   Concepcion A. Montoya (CM-7147)

                              780 Third Avenue, 4th Floor
                              New York, NY 10017
                              (212) 471-6200


TO:     Jeanne Lahiff, Esq.
        Weisberg & Meyers, LLC
        *Attorney for Plaintiff*
        410 High Street, Ste. 2
        Cranford, New Jersey  07016
        (862) 812-0623